| | | |
|---|---|---|
| ANTHONY RAMIREZ<br>217 Greenbrier Cir.<br>Tobyhanna, PA 18466 | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO.: |
| J.D.M. MATERIALS CO.<br>851 County Line Rd.<br>Huntingdon Valley, PA 19006<br>and<br>JAMES D. MORRISSEY, INC.<br>9119 Frankford Ave.<br>Philadelphia, PA 19114<br>and<br>EUREKA STONE QUARRY, INC.<br>Pickertown Road & Lower State Rd.<br>Eureka, PA 19454 | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

## I.     INTRODUCTION

1.     This action has been initiated by Anthony Ramirez (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against J.D.M. Materials, Co., James D. Morrissey, Inc. and Eureka Stone Quarry, Inc. (*hereinafter* collectively referred to as "Defendants," unless indicated otherwise) for violations of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA"). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II.  JURISDICTION AND VENUE

2.  This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.  This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny. This Court has supplemental jurisdiction over Plaintiff's state-law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as his federal claims asserted herein.

4.  Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.  Plaintiff is proceeding herein under the Title VII, 42 U.S.C. § 1981, and the PHRA, and has properly exhausted his administrative remedies (with respect to her Title VII claims) by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC

## III.  PARTIES

6.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.  Plaintiff is an adult individual, with an address as set forth in the caption.

8. Upon information and belief, Defendants J.D.M. Materials Company, James D. Morrissey, Inc. and Eureka Stone Quarry, Inc. (*hereinafter* collectively referred to as "Defendants"), are entities that upon information and belief are owned and operated by James D. Morrissey, Jr., which are engaged in the construction industry. Defendants collectively operate as a single enterprise, and Defendants are sufficiently intertwined in operations, management, policies, advertisement and compensation for employees such that they are properly considered to be a joint, single or integrated employer of Plaintiff.

8. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff is a Hispanic male.

11. Plaintiff was hired by Defendants, specifically by an individual named Bruce Anks, on or about March 17, 2014.

12. Plaintiff was employed with Defendants for approximately three years as a truck driver.

13. During his employment with Defendants, Plaintiff was a dedicated and hard-working employee who lacked a disciplinary history.

14. While employed with Defendants, Plaintiff was directly and indirectly supervised by several individuals, including but not limited to James Morrissey, Jr. (Caucasian – Owner), and Robert Tomasetti (Caucasian – Management).

3

15. During the course of his employment with Defendants, Plaintiff was subjected to discriminatory treatment based on his race by Defendants' management, including but not limited to Tomasetti and Morrissey.

16. For example, unlike Plaintiff's no-Hispanic co-workers, Plaintiff was:

    i. Treated in a rude and demeaning manner;

    ii. Yelled and screamed at in front of his co-workers for things which were clearly not his fault;

    iii. Denied his requests to work overtime;

    iv. Only offered overtime when his non-Hispanic co-workers turned down the opportunity;

    v. Blamed for things his non-Hispanic co-workers would do; and

    vi. Closely scrutinized and surveillanced on a daily basis.

17. By way of specific example, on one occasion, Plaintiff was informed that he had to stay home due to lack of work. However, Plaintiff later came to find out that there was enough work that day for him to report and that Defendants had another Caucasian employee driving his truck.

18. On the same day that Plaintiff was called out of work (discussed in Paragraph 17 of this Complaint), the Caucasian employee assigned to drive Plaintiff's truck was involved in an incident and dented Plaintiff's truck. Plaintiff was later blamed for the aforesaid dent, rather than the Caucasian employee who was driving his truck at the time of the incident.

19. On another occasion, Plaintiff had complained multiple times that the tire on his truck needed to be fix and Defendants' management refused to replace his tire. Plaintiff was then yelled at and sent home when the same tire on his truck eventually blew out. Plaintiff did not

observe non-Hispanic employees being treated in the same manner and often times had their trucks repaired upon request.[1]

20. In or about late February of 2017, Plaintiff was suspended for three days after his truck hit a rock, causing a minor damage.

21. Upon being suspended, Plaintiff was led to believe that he would be returning to work following his suspension.

22. On or about February 24, 2017 (approximately the third day of his suspension), Plaintiff received a telephone call from Marty (last name unknown – union steward) advising Plaintiff that his employment with Defendants was being terminated.

23. Upon information and belief, there has been multiple non-Hispanic employees who have been involved in similar and/or more severe accidents than Plaintiff's February, 2017 incident but have not be subject to discipline or termination for same.

24. Plaintiff believes and therefore avers that he was terminated because of his race.

**Count I**
**Violation of 42 U.S.C. Section 1981**
**(Racial Discrimination: Wrongful Termination & Hostile Work Environment)**
**- Against All Defendants -**

25. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26. During Plaintiff's tenure with Defendants' he was subjected to a hostile work environment by Defendants' management through disparate treatment, pretextual admonishment, denial of overtime, and demeaning/discriminatory treatment towards him.

---

[1] The examples of racial discrimination provided in Paragraphs 16 through 19 are not intended to be an exhaustive list of the ways Plaintiff was discriminated against on the basis of his race during his employment with Defendants.

27. Upon information and belief, Plaintiff was terminated from Defendants because of his race.

28. These actions as aforesaid constitute violations of 42 U.S.C. Section 1981.

**Count II**
**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**(Racial Discrimination: Wrongful Termination & Hostile Work Environment)**
**- Against All Defendants -**

29. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

30. During Plaintiff's tenure with Defendants' he was subjected to a hostile work environment by Defendants' management through disparate treatment, pretextual admonishment, denial of overtime, and demeaning/discriminatory treatment towards him.

31. Upon information and belief, Plaintiff was terminated from Defendants because of his race.

32. These actions as aforesaid constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

6

C. Plaintiff is to be awarded liquidated or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020

Date: May 10, 2018

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Anthony Ramirez

     v.

J.D.M. Materials Co., et al.

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X )

| 5/10/2018 | | Plaintiff |
| --- | --- | --- |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Clv. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 217 Greenbrier Circle, Tobyhanna, PA 18466

Address of Defendant: 851 County Line Rd, Huntingdon Valley, PA 19006; 9119 Frankford Ave, Phila, PA 19006; Pickertown Rd & Lower State Rd., Eureka, PA 19454

Place of Accident, Incident or Transaction: Defendants place of business

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐ No☒

Does this case involve multidistrict litigation possibilities?     Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐ No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐ No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐ No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/10/2018     _____     ARK2484
                Attorney-at-Law            Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/10/2018     _____     ARK2484
                Attorney-at-Law            Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| RAMIREZ, ANTHONY | J.D.M. MATERIALS CO., ET AL. |

**(b)** County of Residence of First Listed Plaintiff    Monroe
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- 1   U.S. Government Plaintiff
- X 3   Federal Question *(U.S. Government Not a Party)*
- 2   U.S. Government Defendant
- 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)    and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane   365 Personal Injury - | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability   Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel &   367 Health Care/ | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | Slander   Pharmaceutical Personal Injury | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 330 Federal Employers'   Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability   368 Asbestos Personal Injury Product | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 340 Marine   Liability | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability   **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 350 Motor Vehicle   370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 355 Motor Vehicle Product Liability   371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 360 Other Personal   380 Other Personal Property Damage | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | Injury   385 Property Damage Product Liability | 751 Family and Medical Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | 362 Personal Injury - Medical Malpractice | | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights   **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting   463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | X 442 Employment   510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations   530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment   535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other   **Other:** 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education   550 Civil Rights | 465 Other Immigration Actions | | |
| |   555 Prison Condition | | | |
| |   560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- X 1   Original Proceeding
- 2   Removed from State Court
- 3   Remanded from Appellate Court
- 4   Reinstated or Reopened
- 5   Transferred from Another District *(specify)*
- 6   Multidistrict Litigation - Transfer
- 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42USC1981; Title VII (42USC2000)

Brief description of cause:
Violations of the 42USC1981, Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____ DOCKET NUMBER _____

DATE   5/10/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Print     Save As...     Reset